Filed 9/17/13; pub. order 10/15/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. DEPARTMENT OF CALIFORNIA HIGHWAY PATROL,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>MAYRA ANTONIA ALVARADO et al.,<br><br>    Real Parties in Interest. | G047922<br><br>(Super. Ct. No. 30-2008-00116111)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Robert J. Moss, Judge. Petition granted.

Kamala D. Harris, Attorney General, Kathleen A. Kenealy, Chief Assistant Attorney General, Alberto L. Gonzalez and Joel A. Davis, Deputy Attorneys General for Petitioner.

No Appearance for Respondent.

Allred, Maroko & Goldberg, Michael Maroko and John S. West for Real Parties in Interest.

**INTRODUCTION**

The California Highway Patrol (CHP) has petitioned for a writ of mandate to compel the trial court to grant a summary judgment motion made in a personal injury lawsuit involving the CHP's Freeway Service Patrol (FSP) program. Tow truck companies in this program contract with county transportation authorities to patrol urban freeways, helping out stranded motorists. The transportation authorities in turn contract with the CHP, which certifies and supervises both the drivers and the truck companies.

One of the FSP tow trucks collided with a car, injuring the driver and her infant son. The CHP moved for summary judgment in the subsequent lawsuit, on the ground that it was not the driver's special employer and therefore not responsible for his negligence. The trial court denied the motion, and the CHP has petitioned for a writ of mandate to reverse the trial court. The writ petition is based solely on the legislative intent behind the FSP program.

We grant the petition. Our examination of the relevant statutes in the Streets and Highways Code and the Vehicle Code persuades us that the Legislature intended to distinguish between the people and companies employing tow truck drivers in the FSP program ("employers") on the one hand and the CHP on the other. There was, therefore, no legislative intent to make the CHP liable as a special employer of FSP tow truck drivers for the drivers' negligence.

**FACTS**

A tow truck driven by one J. Guzman[1] on the I-5 freeway rear-ended a car driven by real party Mayra Alvarado. Guzman was employed by California Coach

---

[1] There is some confusion about the driver's first name. The caption of the second amended complaint identifies him as Joshua Guzman. His name in the body of the complaint is given as Juan Guzman. The CHP officer whose declaration was used to support the CHP's motion for summary judgment called him Jose Guzman. The driver's deposition transcript identifies him as Joshua Guzman.

2

Orange, Inc., which had a contract with the Orange County Transportation Authority (OCTA) to participate in the FSP program.[2] OCTA in turn contracted with the CHP to provide funding for the CHP's involvement in the program in Orange County. The CHP supervised the FSP – performing background checks, training the drivers, inspecting the vehicles, dispatching drivers, and investigating complaints – pursuant to its statutory duty to "make adequate provision for patrol of the highways at all times of the day and night" (Veh. Code, § 2401) and to rapidly remove all "impediments to traffic on highways within the state." (*Id.,* § 2435, subd. (a).) [3]

Alvarado sustained catastrophic brain injuries in the accident. She is permanently disabled. Her infant son was also injured, although less seriously than his mother. Alvarado and her son sued the driver, the tow truck company, OCTA, and the CHP for damages.

By the time of the second amended complaint, the sole remaining issue with respect to the CHP was whether it was Guzman's special employer and therefore liable for his negligence. The CHP moved for summary judgment on this issue, arguing that it did not meet the definition of special employer and that legislative intent prevented FSP drivers from being considered special employees of the CHP.

The trial court denied the motion for summary judgment and certified the following controlling question of law for interlocutory review under Code of Civil Procedure section 166.1: "[W]hether, in light of the statutory nature of the [FSP] program, the CHP can be a 'special employer' of a tow truck driver whose general employer is a towing contractor engaged to provide services in the FSP program as a

---

[2]    See Streets and Highways Code sections 2560 et seq.

[3]    FSP drivers patrol a "beat," which consists of a designated stretch of freeway. They may be sent to the scene of a problem by a CHP dispatcher, but they are also authorized to stop and    help stranded motorists without being dispatched. Each tow truck is required to display two FSP logos. "The FSP logo signifies the three different governmental agencies responsible for the FSP Program, Caltrans, OCTA, and CHP. . . . The magnets serve to identify the truck as working for the FSP Program and put motorists in disabled vehicles at ease when they see the truck."

3

result of the CHP's right to control the activities of FSP tow truck drivers in the performance of FSP duties."[4]  The CHP then filed a petition for a writ of mandate to order the trial court to grant its motion for summary judgment.

## DISCUSSION

"The possibility of dual employment is well recognized in the case law. 'Where an employer sends an employee to do work for another person, and both have the right to exercise certain powers of control over the employee, that employee may be held to have two employers – his original or "general" employer and a second, the "special" employer.' [Citation.] . . . [T]his court [has] stated that 'an employee may at the same time be under a general and a special employer, and where, either by the terms of a contract or during the course of its performance, the employee of an independent contractor comes under the control and direction of the other party to the contract, a dual employment relation is held to exist.  [Citations.]'" (*Kowalski v. Shell Oil Co.* (1979) 23 Cal.3d 168, 174-175.)

We are not called upon to determine whether Guzman was a special employee of the CHP at the time of the Alvarado accident. [5]  The issue before us is one of legislative intent in general regarding the employment relationship, if any, between the CHP and FSP tow truck drivers.

We review the interpretation of a statute de novo.  "When interpreting statutes, the Legislature's intent should be determined and given effect.  Legislative intent is generally determined from the plain or ordinary meaning of the statutory language.

---

4    Code of Civil Procedure section 166.1 provides:  "Upon the written request of any party or his or her counsel, or at the judge's discretion, a judge may indicate in any interlocutory order a belief that there is a controlling question of law as to which there are substantial grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of the litigation.  Neither the denial of a request for, nor the objection of another party or counsel to, such a commentary in the interlocutory order, may be grounds for a writ or appeal."

5    This case is in the Court of Appeal because of a certification under Code of Civil Procedure section 166.1.  Whether Guzman is a special employee of the CHP is not a "controlling question of law" and thus not subject to interlocutory review.

The statute's every word and provision should be given effect so that no part is useless, deprived of meaning or contradictory. Interpretation of the statute should be consistent with the purpose of the statute and statutory framework. [Citations.] . . . [¶] Where the meaning of statutory language is uncertain, rules of construction or legislative history may aid in determining legislative intent. [Citations.] Even if the statutory language is clear, a court is not prohibited from considering legislative history in determining whether the literal meaning is consistent with the purpose of the statute. [Citations.] In enacting a statute, the Legislature is deemed to have been aware of existing statutes and judicial interpretations. [Citation.]" (*Fireman's Fund Ins. Co. v. Workers' Comp. Appeals Bd.* (2010) 189 Cal.App.4th 101, 109-110.)

The legislative mandate for the statewide FSP program can be found in Streets and Highways Code sections 2560 et seq. The chapter is quite short; it mainly focuses on funding for the program and on allocating these funds. It also includes sections on logos for participating tow trucks and on training and certifications for drivers and operators. (*Id.* §§ 2562.5, 2563.) A final section addresses developing and updating operational guidelines. (*Id.* § 2565.)

Legislation concerning the FSP program is, however, not restricted to the Streets and Highways Code. Portions of the Vehicle Code also deal with FSP tow truck drivers (Veh. Code, §§ 2430 et seq.) and with emergency roadside assistance, including the FSP program. (Veh. Code, §§ 2435 et seq.) Each of these Vehicle Code articles, as well as the Freeway Service Patrol Act, uses the same definition of "employer." (Veh. Code, §§ 2430.1, subd. (b), 2436, subd. (d); Sts. & Hy. Code, § 2561, subd. (b).)[6]

---

[6] "[A] person or organization that employs those persons defined in subdivision (a), or who is an owner-operator who performs the activity specified in subdivision (a), and who is involved in freeway service patrol operations pursuant to an agreement or contract with a regional or local entity." (Veh. Code, § 2430.1, subd. (b).)

Vehicle Code section 2430.1, subdivision (a), provides in pertinent part: "'Tow truck driver' means a person who operates a tow truck, who renders towing service or emergency road service to motorists while involved in freeway service patrol operations, pursuant to an agreement with a regional or local entity, and who has or will have direct and personal contact with the individuals being transported or assisted."

The definition of "employer" itself does not, as the CHP argues, show that the Legislature did not intend the CHP to be the special employer of the FSP tow truck drivers. The definition is essentially circular. An "employer" is, among other things, an organization that employs FSP tow truck drivers. If the CHP, an organization, meets the criteria of a special employer, most notably *control*, then it is an "employer" of FSP tow truck drivers.[7]

In other pertinent portions of the Vehicle Code, however, the statutes draw a clear distinction between the CHP on the one hand and an "employer" on the other. For example, the CHP may enter into contracts with "employers" for freeway service patrol operations (Veh. Code, § 2435, subd. (a)), and the CHP, in conjunction with CalTrans, is responsible for establishing minimum training standards for "employers." The CHP must provide training for all "employers," and the "employers" are required to attend training sessions. (Veh. Code, §§ 2436.5, 2436.7.) The tow truck drivers are required to inform both their "employers" *and* the CHP if they are arrested for or convicted of certain crimes. (*Id*., § 2430.3, subd. (a).)[8] The CHP must obtain employers' fingerprints and verify that the employers have valid California driver's licenses. ( *Id.,* § 2431, subd. (a)(1) & (3).) The employer must maintain lists of eligible and non-eligible drivers at its place of business for inspection by the CHP. (*Id.,* § 2430.5, subd. (c).) Vehicle Code section 2432.1 provides for penalties for employers that fail to comply with the requirements of the law on tow truck drivers or the emergency roadside assistance statutes; they may lose their right to participate in the freeway service patrol operation.

We believe these Vehicle Code statutes, to which the Freeway Service Patrol Act explicitly refers (see Sts. & Hy. Code, §§ 2561, 2563), establish a legislative

---

[7] The CHP also argues that tow truck drivers are independent contractors, rather than special employees. Guzman, the driver of the truck involved in the accident in this case, was indisputably not an independent contractor. At the very least, he was an employee of California Coach Orange, Inc.

[8] This statute was amended in 2001 to require the tow truck drivers to notify the CHP, in addition to their employers, if they were arrested or convicted.

6

intent to distinguish between employers of tow truck drivers and the CHP.[9]  Accordingly, the CHP cannot as a matter of law be the special employer of a "tow truck driver" as defined in Vehicle Code section 2430.1, subdivision (a), and by extension of a tow truck driver operating under the Freeway Service Patrol Act.

## DISPOSITION

The State's petition is granted.  Let a peremptory writ of mandate issue directing respondent the Superior Court of Orange County to vacate its order of January 4, 2013, and to enter an order granting the motion for summary judgment in favor of the California Highway Patrol.  The temporary stay is lifted upon finality of this opinion as to this court.  Each party is to bear its or her own costs on appeal.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.

---

[9]     We do not hold, as advocated by the CHP, that the statutory nature of the FSP program in and of itself precludes a special employer/special employee relationship.  Other government agencies have been found to be special employers, notwithstanding the statutory origins of their existence.  (See, e.g., *Societa Per Azioni De Navigazione Italia v. City of Los Angeles (*1982) 31 Cal.3d 446, 459-462 [collision in Los Angeles Harbor]; *County of Los Angeles v. Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 391, 405-406 [workers' compensation for injured employee]; *Bradley v. Department of Corrections & Rehabilitation* (2008) 158 Cal.App.4th 1612, 1627, 1628 [FEHA claim by Department contract employee]; *Wilson v. County of San Diego* (2001) 91 Cal.App.4th 974, 983-984 [county child welfare workers]; *Brassinga v. City of Mountain View* (1998) 66 Cal.App.4th 195, 215-217 [police officer killed while participating in training exercise]; *In-Home Supportive Services v. Workers' Comp. Appeals Bd*. (1984) 152 Cal.App.3d 720, 732 [injured home services worker employee of both state and of home services recipient].)

7

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. DEPARTMENT OF CALIFORNIA HIGHWAY PATROL, | |
| Petitioner, | G047922 |
| v. | (Super. Ct. No. 30-2008-00116111) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | ORDER GRANTING REQUEST FOR PUBLICATION |
| Respondent; | |
| MAYRA ANTONIA ALVARADO et al., | |
| Real Parties in Interest. | |

Petitioner has requested that our opinion, filed on September 17, 2013, be certified for publication. Pursuant to California Rules of Court, rule 8.1105(c)(6), the request is GRANTED.

The opinion is ordered published in the Official Reports.



BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.

2